**FOR PUBLICATION**

```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN
```

```
ZYANGQUELYN POE                )
                               )
         Plaintiff,            )
                               )
     v.                        )      Civil No. 2006-128
                               )
BUDGET RENT-A-CAR SYSTEM,      )
INC., a/k/a CENDANT RENTAL     )
GROUP, and INTERNATIONAL       )
RENTAL AND LEASING CORP d/b/a/ )
BUDGET RENT-A-CAR, St. Thomas, )
U.S. Virgin Islands,           )
                               )
         Defendants.           )
_____)
```

**ATTORNEYS:**

**Douglas Inman, Esq.**
St. Croix, V.I.
    *For the plaintiff.*

**Michael J Sanford, Esq.**
St. Croix, U.S.V.I.
    *For the defendants.*

<u>ORDER</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff Zyangquelyn Poe ("Poe") to retransfer this matter to the United States District Court for the District of Maryland. For the reasons stated below, the Court will deny the motion.

**I. <u>FACTS</u>**

On April 20, 2002, Franklin Barnabas rented a 2000 Mercury Villager (the "mini-van") from Budget Rent-a-Car System, Inc.,

*Poe v. Budget Rent-a-Car System, Inc., a/k/a/ Cendant Rental Group, et al.*
Civil No. 2006-128
Order
Page 2

a/k/a/ Cendant Rental Group ("Budget") and International Rental and Leasing Corp, d/b/a/ Budget Rent-a-Car, St. Thomas, U.S. Virgin Islands ("International"). On April 21, 2002, Barnabas' sister-in-law, Diane Dewindt, was driving the mini-van. While descending Raphune Hill, Dewindt tried, without success, to apply the brakes. Dewindt then steered the mini-van off of the main road and into an up-hill driveway where the mini-van collided with a tree. There were a total of five passengers in the mini-van at the time of the accident, including Poe.[1]

On April 19, 2005, Poe filed a complaint against Budget in the United States District Court for the District of Maryland. Poe alleges that the brake system in the mini-van was the direct and proximate cause of the accident. The complaint raises claims of product liability, breach of contract, and breach of warranty.

Budget moved the Maryland court to dismiss for lack of personal jurisdiction. On July 31, 2006, the Maryland court entered an order stating that

> [T]his case is TRANSFERRED to the . . . District Court . . . of the Virgin Islands pursuant to the provisions of 28 U.S.C. § 1631, the Court concluding that it lacks personal jurisdiction of the Defendant, International Rental and Leasing Corporation, but that the . . . District Court . . . of the Virgin Islands has jurisdiction over all Defendants . . . .

---

[1] The other passengers subsequently commenced an action against Budget in this Court raising general allegations of liability, breach of contract, and loss of consortium.

*Poe v. Budget Rent-a-Car System, Inc., a/k/a/ Cendant Rental Group, et al.*
Civil No. 2006-128
Order
Page 3

(Order 1, July 31, 2006.)  That order also denied the motion to dismiss for lack of personal jurisdiction as moot.

Poe thereafter filed a motion for reconsideration.  The Maryland court denied Poe's motion for reconsideration, reasoning that "it lack[ed] jurisdiction because this case has already been transferred to and received by the . . . District Court . . . of the Virgin Islands . . . ." (Order 1, Aug. 14, 2006.)

Now, Poe moves to retransfer this case to the United States District Court for the District of Maryland.

## II.  ANALYSIS

Poe claims that this case should be re-transferred back to the United States District Court for the District of Maryland because she believes that court inadvertently cited to 28 U.S.C. § 1631 ("Section 1631")[2] as authority for transferring the case

---

[2]  Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (1982).

*Poe v. Budget Rent-a-Car System, Inc., a/k/a/ Cendant Rental Group, et al.*
Civil No. 2006-128
Order
Page 4

to this Court in the first instance.  In Poe's view, re-transfer is appropriate to allow the Maryland court to amend its order to state that the matter was transferred pursuant to 28 U.S.C. § 1404 ("Section 1404")[3] instead of Section 1631.

However, Poe has not offered, nor is this Court aware of, any reason to suspect that the reference in the transfer order to Section 1631 was inadvertent.  In fact, the Maryland court cited to Section 1631 as authority for its decision repeatedly in both

---

[3] Section 1404 provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

(c) A district court may order any civil action to be tried at any place within the division in which it is pending.

(d) As used in this section, the term "district court" includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands, and the term "district" includes the territorial jurisdiction of each such court.

28 U.S.C. § 1404 (1996).

*Poe v. Budget Rent-a-Car System, Inc., a/k/a/ Cendant Rental Group, et al.*
Civil No. 2006-128
Order
Page 5

its memorandum opinion and order transferring the case to this Court.

Additionally, Poe has failed to present any valid basis for transferring this matter. Poe does not argue that this case should be heard in the District of Maryland as opposed to this District. She does not claim that Maryland is a more convenient location for the parties or the witnesses. Nor does she assert that venue is inappropriate in this District, or that this Court lacks jurisdiction over the matter or any party. Rather, Poe presumes that if this case were re-transferred to the District of Maryland, that court would enter an amended order transferring the case to this Court under Section 1404 instead of Section 1631. However, neither Section 1631, Section 1404, nor any other authority allows a transfer on such grounds.

Moreover, Poe's argument that she would benefit from the application of Maryland law to this case if the transfer were made pursuant to Section 1404 instead of Section 1631 is misguided. Poe contends that if the transfer were made pursuant to Section 1404, then her claims would be governed by the statute of limitations of Maryland rather than the Virgin Islands.

In *Ferens v. John Deere Co.*, 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990), the plaintiff was injured in Pennsylvania, which had a two-year statute of limitations on tort

*Poe v. Budget Rent-a-Car System, Inc., a/k/a/ Cendant Rental Group, et al.*
Civil No. 2006-128
Order
Page 6

actions.  Three years after the accident, the plaintiff filed a breach of contract and warranty action in the Eastern District of Pennsylvania, and also filed a tort action based on the same conduct in the Southern District of Mississippi, which had a six-year statute of limitations on tort actions.  Shortly thereafter, the plaintiff moved to transfer the Mississippi tort case to Pennsylvania.  That motion was granted.  Once the matter was transferred, the tort case was consolidated with the breach of contract and warranty matter.  As to which statute of limitations to apply, the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit held that the law of the transferor jurisdiction did not apply because the transfer had been requested by the plaintiff rather than the defendant.

The Supreme Court of the United States reversed, holding that regardless of which party initiated the transfer, the transferee court should apply the law of the transferor jurisdiction. *Id.* at 528-29.  Significantly, the Court emphasized that applying Mississippi law in that case would not create increased opportunity for forum shopping:

> The Ferenses, for example, had an opportunity for forum shopping in the state courts because both the Mississippi and Pennsylvania courts had jurisdiction and because they each would have applied a different statute of limitations. Diversity jurisdiction did not eliminate these forum

*Poe v. Budget Rent-a-Car System, Inc., a/k/a/ Cendant Rental Group, et al.*
Civil No. 2006-128
Order
Page 7

> shopping opportunities; instead, under *Erie*,[4] the federal courts had to replicate them. Applying the transferor law would not give a plaintiff an opportunity to use a transfer to obtain a law that he could not obtain through his initial forum selection. If it does make selection of the most favorable law more convenient, it does no more than recognize a forum shopping choice that already exists.

*Id.* at 527-28.

This case is clearly distinguishable from *Ferens* because the District of Maryland has held that it lacks personal jurisdiction over International. In cases like this where the transferor court lacks jurisdiction over a party, the principle outlined in *Ferens* would do more than merely replicate forum shopping opportunities that already existed. Indeed, the District of New Jersey has held that "*Ferens* is inapposite in cases where the prospective transferor court has no personal jurisdiction." *McTyre v. Broward General Medical Center,* 749 F. Supp. 102, 109 (D.N.J. 1990). As the court explained, requiring the transferee court to apply the law of the transferor jurisdiction under these circumstances

> would actually increase the plaintiff's state law advantage, create and multiply opportunities for forum shopping, and finally, cause decisions to transfer venue under [S]ection 1404(a) to turn on prejudice resulting from a change of law, rather than on considerations of convenience and the interest of justice. Under *Ferens,* although an opportunity for forum shopping exists, plaintiffs are at least limited in shopping for forums in which jurisdiction can be

---

[4] *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

*Poe v. Budget Rent-a-Car System, Inc., a/k/a/ Cendant Rental Group, et al.*
Civil No. 2006-128
Order
Page 8

> exercised over the defendant. . . . *Ferens* cannot be read to allow plaintiffs to bootstrap an otherwise defeated claim by selecting the most favorable law from any of the fifty states and transfer it to a federal court in which jurisdiction can be maintained. Unlike the result in *Ferens*, a plaintiff would be able to maintain an action in federal court which could not be maintained in any state court. Such a result would transcend the purposes underlying the federal transfer statutes, the *Erie* doctrine and *Ferens*.

*Id.* at 108.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Poe's motion to re-transfer this matter to the United States District Court for the District of Maryland is **DENIED.**

 

S\_____
        **CURTIS V. GÓMEZ**
        **Chief Judge**